OPINION — AG — ** OIL AND GAS LEASES — STATE PROPERTY ** THE CRIPPLED CHILDREN BOARD WOULD HAVE THE AUTHORITY, IN ADMINISTERING THE PROPERTY GIVEN TO SAID HOSPITAL OR TO THE BOARD FOR THE BENEFIT OF SAID HOSPITAL, TO LEASE IT, FOR GOOD AND VALUABLE CONSIDERATION OR CONSIDERATIONS, FOR OIL AND GAS PURPOSES, UNLESS SUCH ACTION WOULD BE INCONSISTENT WITH SOME TERM OR CONDITION OF THE GIFT . HOWEVER, WITHOUT THE INSTRUMENT BY WHICH THE GIFT IN QUESTION WAS MADE, OR A TRUE COPY THEREOF, NO OPINION IS VENTURED AS TO WHETHER THE LEASING OF THE LAND IN QUESTION FOR OIL AND GAS PURPOSES WOULD BE CONSISTENT, OR WOULD BE INCONSISTENT, WITH THE TERMS AND CONDITIONS, IF ANY, OF THE GIFT. ALTHOUGH THERE ARE STATUTES PRESCRIBING THE PROCEDURE FOR THE GRANTING OF OIL AND GAS LEASES BY THE COMMISSIONERS OF THE LAND OFFICE (64 O.S. 281 [64-281] — 64 O.S. 292 [64-292]), AND BY THE BOARD OF PUBLIC AFFAIRS (74 O.S. 97 [74-97] — 74 O.S. 107 [74-107]) COVERING THE LAND UNDER THEIR CONTROL, WE FIND NO STATUTE RELATING TO THE GRANTING OF OIL AND GAS LEASES BY THE REGENTS OF THE UNIVERSITY OF OKLAHOMA OR BY THE STATE BOARDS AND COMMISSIONS GENERALLY. HOWEVER, IT IS NOTED THAT THE STATUTES JUST CITED REQUIRE, AMONG OTHER THINGS, COMPETITIVE BIDDING AND LEASING TO THE HIGHEST RESPONSIBLE BIDDER AND IT IS BELIEVED THAT IT WOULD BE WELL FOR THE REGENTS TO FOLLOW THE PROCEDURE OUTLINED BY THOSE STATUTES INSOFAR AS POSSIBLE. (STATE PROPERTY, STATE AGENCY, MINES AND MINERALS, DRILLING) CITE: 70 O.S. 1241 [70-1241], 70 O.S. 1961 [70-1961], 70 O.S. 98 [70-98] (JAMES C. HARKIN)